O

```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                      LAREDO DIVISION

TOTRAN TRANSPORTATION SERVICES,  §
LTD,                             §
                                 §
     Plaintiff,                  §
VS.                              §     CIVIL ACTION NO. L-08-125
                                 §
FITZLEY, INC,                    §
                                 §
     Defendant,                  §
```

## MEMORANDUM AND ORDER

Plaintiff Totran Transportation Services, Ltd., moves for summary judgment on its state-law breach-of-contract claim against Defendant Fitzley, Inc. (Dkt. 22, Pl. MSJ.) Totran sues for damage to gas heating equipment that Totran hired Fitzley to transport from Laredo, Texas, to Tamazunchale, San Luis Potosi, Mexico. (Dkt. 1, Compl. ¶¶ 7-10.) Totran's suit, initially brought in the Northern District of Texas, was transferred to this Court on September 15, 2008. (Dkt. 1, Or. Transf. 2.) The Court has diversity jurisdiction under 28 U.S.C. § 1332. Totran is a Canadian corporation with its principal place of business in Calgary, Alberta, and Fitzley is a Texas Corporation with its principal place of business in Laredo, Texas. (Compl. ¶¶ 1-2; Dkt. 3, Answr. ¶ 1; Dkt. 8, Def. Third-Party Compl. ¶ 2.)

## I. BACKGROUND

Totran brought claims under Texas law for negligence and breach of contract. (Compl. ¶¶ 11-15; Pl. MSJ. 1-2.) The contract between Totran and Fitzley is not in the record, but they agree to the following facts: Totran hired Fitzley to transport the equipment from Laredo to Tamazunchale. (Compl. ¶ 8; Answr ¶ 3.) Fitzley was acting as a common carrier. (Pl. MSJ 2; Def. Resp. re. Pl. MSJ ¶ 6.) The load was delivered to Fitzley at its premises in Laredo, where Fitzley took possession of it. (Compl. ¶ 9; Answr ¶ 4.) The equipment was damaged in Mexico, while in the custody of Transportes Ragat, SA de CV ("Ragat"), a Mexican entity which Fitzley hired to transport the load to Tamazunchale. (Compl. ¶ 10; Answr. ¶ 5; Dkt. 8, Def. 3rd Party Compl. ¶¶ 5.1-5.2, 5.4; Def. Resp. re. Pl. MSJ ¶ 6.) The damage caused Totran to be unable to comply with its obligations to the owner of the equipment, Kocken Sistemas De Engeria, Inc., and Totran suffered damages as a result. (Compl. ¶ 13; Answr. ¶ 7.)

Fitzley contests the amount of damages and the reasonableness of the attorneys' fees claimed by Totran. (Def. Resp. re. Pl. MSJ ¶¶ 5-6.) Totran alleges $250,000 in actual damages (Compl. ¶¶ 7, 10, 17a.), but offers no evidence whatever to support this figure. Instead, Totran insists that Fitzley has admitted to this figure, but the Court finds no support in

the current record for that assertion. For example, in paragraph 7 of Fitzley's answer, it admits paragraph 13 of the Complaint, which only alleges "damages" without specifying a particular amount. Fiztley's paragraph 5 denies the acts alleged in paragraph 10 of the Complaint, which specifically contained the figure of $250,000, but admits that the "heater" was damaged.

Totran also seeks $48,365.57 in attorneys' fees under Texas Civil Practice and Remedies Code § 38.001. (Pl. MSJ 6.) Totran submitted two affidavits in support of its fee claim. (Dkt. 22-1, Burt Aff., May 1, 2009; Dkt. 22-2, Hart Aff., April 21, 2009). Totran's Texas counsel, attorney James Burt, attests that his "firm has incurred attorney's [sic] fees, costs, and expenses in the amount of $27,424.00 USD." (Id. at ¶ 2.) Attached to Burt's affidavit is a "Fee Statement," dated April 24, 2009, that lists the names of six members of the firm's staff, the number of hours each worked on the case, and a total of 161.40 hours. (Id., Ex. B-1.) The Fee Statement does not indicate the position or billing rate for the persons named, and it does not provide the date, subject, or task for any of the hours. (Id.) In his affidavit Burt gives the per-hour billing rates for partners, associates, and paralegals, and he explains that the $27,424 figure includes over 81 hours billed by attorneys and over 62 hours by paralegals. (Id. at ¶ 4.)

However, he does not breakdown the attorney hours into those expended partners and associates.

Totran's Canadian counsel, attorney Sara Hart, attests to $20,941.57 in "fees, costs, and expenses" incurred in Totran's efforts to recover from Fitzley in litigation in Canada. (Hart Aff. ¶ 2.) Hart explains that this reflects 86 hours of her firm's attorneys' time. (<u>Id.</u> at ¶ 4.) Hart provides the firm's rates, in U.S. Dollars, for associates and partners, and states that the $20,941.57 figure "is reflected in a billing summary attached hereto as Exhibit A-1 (which is in Canadian funds). . . ." The attached billing summary, titled "Hours/Value Report By Client or Client/Matter," lists five staff members by name and indicates the number of hours billed. For each name there are further numbers, presumably representing Canadian dollar amounts, appearing under columns titled "Value," "Disb," and "Total." Hart's affidavit also includes an estimate of the costs she anticipates would be incurred were the case to be appealed to "the intermediate court of appeals" and "to the Supreme Court of Texas." (<u>Id.</u> at ¶ 5.)

## II. DISCUSSION

A. Common Carrier Liability

Under the Texas Transportation Code, a common carrier "shall deliver to the consignee the goods listed on a bill of

lading or receipt in an order and condition similar to the order and condition of the goods when the goods were accepted for transport, except for any unavoidable wear and tear or deterioration because of the transportation of the goods." Tex. Transp. Code § 5.005(b).  A common carrier that breaches this duty "is liable for damages resulting from the violation as at common law."  § 5.005(e).  "A common carrier is liable as a common carrier from the beginning of the trip until the goods are delivered to the consignee at the point of destination." § 5.006(b).

At common law, common carriers are liable for any damage to goods entrusted to them for shipment, regardless of whether the carrier was negligent.  Mo. Pac. R.R. Co. v. Elmore & Stahl, 368 S.W.2d 99, 101 (Tex. 1963); Bennett Truck Transp. v. Williams Bros., 256 S.W.3d 730, 733 (Tex.App.—Houston [14 Dist.] 2008). The prima facie case for carrier liability consists of "showing that the shipment was in good condition when delivered to the carrier at place of origin and in damaged condition when delivered by the carrier at destination."  Mo. Pac. R.R., 368 S.W.2d at 101; Common Carrier Motor Freight Ass'n v. NCH Corp., 788 S.W.2d 207, 209 (Tex.App.—Austin, 1990).  The carrier can avoid liability by affirmatively showing that the damage was caused solely by one or more of four causes: (1) an act of God; (2) the public enemy; (3) the fault of the shipper, or (4) the

inherent nature of the goods themselves. Mo. Pac. R.R., 368 S.W.2d at 101.

Generally, the measure of damages for loss or destruction of goods in charge of a common carrier is based on the market value of the goods at the destination point, at the time the goods should have been delivered, with interest on the value from the date the delivery should have been made. Nat'l Moving & Storage, Inc. v. Vargo, 501 S.W.2d 452, 454 (Tex.Civ.App.—Amarillo, 1973). However, a shipper may not recover incidental and consequential damages that were not the usual and reasonably foreseeable result of the carrier's failure to deliver the goods undamaged, unless the carrier was on notice at the time of contracting of the special circumstances that lead to such damages. Mo., K. & T. Ry. Co. of Texas v. Belcher, 35 S.W. 6, 7 (Tex. 1896) (carrier without notice of special circumstances at time of contracting not liable for injuries occurring outside in the ordinary course of business); Nat'l Moving & Storage, 501 S.W.2d at 454.

B. Attorneys' Fees

In a diversity case, state law controls whether attorneys' fees are recoverable and the reasonableness of the claimed fees. Mathis v. Exxon Corp., 302 F.3d 448, 462 (5th Cir. 2002). Under Texas law, a party who recovers for damaged freight "may recover reasonable attorney's fees from an individual or corporation, in

addition to the amount of a valid claim and costs . . . ." Tex. Civ. Prac. & Rem. § 38.001(5).

Texas trial courts have discretion to determine the amount of the awarded fee. Mathis, 302 F.3d at 462 (citing World Help v. Leisure Lifestyles, Inc., 977 S.W.2d 662, 683 (Tex.App—Fort Worth, 1998)). Courts are to determine the amount of reasonable fees using factors listed in Rule 1.04 of the Texas Disciplinary Rules of Professional Conduct. See Arthur Anderson & Co. v. Perry Equipment Corp., 945 S.W.2d 812, 818 (Tex. 1997) (using Rule 1.04 factors for reasonableness of fees awarded under Texas statute allowing recovery of "reasonable and necessary attorneys' fees."); Mercier v. Sw. Bell Yellow Pages, Inc., 214 S.W. 3d 770, 776 (Tex.App.—Corpus Christi, 2007) (using Rule 1.04 factors to evaluate reasonableness of attorneys' fees under Tex. Civ. Prac. & Rem. § 38.001). The Rule 1.04 factors are:

> (1) the time and labor required, novelty and difficulty of the question presented, and the skill required to properly perform the legal service;
>
> (2) the likelihood . . . that the acceptance of employment precluded other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client;

>  (7) the experience, reputation, and ability of the lawyer performing the services; and
>
>  (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.[1]

Texas Disciplinary Rules of Professional Conduct, Rule 1.04, *reprinted in* Tex. Gov't Code, tit. 2, subtit. G app. (State Bar Rules, art. X, § 9).  Under Texas law there is a rebuttable presumption that "usual and customary" billing rates are reasonable.  Tex. Civ. Prac. & Rem. § 38.003.  Texas courts have awarded attorneys fees when counsel testified to the time expended, fees per hour, and the reasonable and necessity of the attorneys' efforts.  Goudeau v. Marquez, 830 S.W.2d 681, 683-84 (Tex.App.—Houston [1st Dist.], 1992); Harrison v. Gemdrill Int'l, Inc., 981 S.W.2d 714, 719 (Tex.App.—Houston [1 Dist.], 1998).  However, to award attorneys' fees as a matter of law on the sole basis of evidence from an interested witness, "the evidence . . . must not be contradicted by any other witness or attendant circumstances and the same must be clear, direct and positive, and free from contradiction, inaccuracies and circumstances tending to cause suspicion thereon."  Ragsdale v.

---

[1] These factors are substantially the same as the factors, established in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), for evaluating the reasonableness of fees under federal law. The Johnson factors differ only in that they include the "undesirability" of the case and "awards in similar cases." Id. at 717-19.

**Progressive Voters League**, 801 S.W.2d 880, 882 (Tex. 1990). To recover fees for work by a paralegals or legal assistant, the claimant must provide evidence establishing:

> (1) that the legal assistant is qualified through education, training or work experience to perform substantive legal work;
> 
> (2) that substantive legal work was performed under the direction and supervision of an attorney;
> 
> (3) the nature of the legal work which was performed;
> 
> (4) the hourly rate being charged for the legal assistant; and
> 
> (5) the number of hours expended by the legal assistant.

**Moody v. EMC Services, Inc.**, 828 S.W.2d 237, 248 (Tex.App.—Houston [14 Dist.], 1992) (citing **Gill Savings Ass'n. v. Int'l Supply Co.**, 759 S.W.2d 697, 702 (Tex.App.—Dallas, 1988.)

## III. SUMMARY JUDGMENT STANDARD

The Court should render summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); **Celotex Corp. v. Catrett**, 477 U.S. 317, 322-23 (1986); **Little v. Liquid Air Corp.**, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

## IV. DISCUSSION

### A. Liability

Under the uncontested facts, Fiztley has breached its duty under Texas Transportation Code § 5.005(b). Fitzley concedes that, acting as a common carrier, it contracted with Totran to transport the equipment to Tamazunchale, that the accident occurred before delivery while the load was in custody of a third-party which Fitzley hired. (Supra pp. 2-3.) Fitzley has not plead any of the recognized exceptions to common carrier liability, and there is no evidence in the record indicating that any of them might apply. The Court finds that Totran has met its summary judgment burden with respect to whether Fitzley breached the shipping contract with Totran. Fitzley is therefore liable, to the extent provided at common law, for Totran's losses resulting from the damage the equipment suffered in the accident in Mexico. § 5.005(e).

### B. Damages

There is no evidence in the record showing what Totran's actual losses are, or what its recovery would be under the usual measure. As stated above, Totran relies entirely on the assertion that Fitzley has admitted the amount of damages. As reflected above, the Court disagrees with that assertion. Totran has failed to meet its summary judgment burden with respect to the amount of its damages.

### C. Attorney's Fees

Totran has also failed to meet its summary judgment burden regarding attorneys' fees.  First, without proof of the damages to which Totran is entitled, the Court cannot assess the reasonableness of the fees Totran claims.  Also, Burt's and Hart's affidavits fall short of showing sufficient evidence of the necessity and reasonableness of the amounts claimed.  Both affidavits simply state the conclusion that a certain number of hours were spent on the case, without any effort to identify what was done during that time.  The substantial number of hours claimed in the Burt affidavit requires analysis by the Court, since the spareness of the file would not seem to have required that much work.

The Hart affidavit is similarly conclusory but is even more problematic because it involves work in Canada, and the Court has no information as to the extent of that work.  Fitzley raises a question of whether work done in a separate proceeding and a separate country can be considered in this case.  Also, the Court has no information as to why the Canadian case was terminated, which would have a bearing on the necessity and reasonableness of the fees incurred there.

## V. CONCLUSION

For the reasons above, the Court GRANTS Totran's motion for summary judgment (dkt. 22) with respect to Fitzley's breach of the shipping contract and resulting liability for Totran's losses caused by the damage to the equipment. The Court DENIES Totran's motion for summary judgment with respect to the extent of Totran's losses and the amount of damages and attorneys' fees Totran is entitled to recover.

The denial is without prejudice to the filing of a subsequent, better documented, motion. The Court now modifies scheduling order to extend the May 27, 2009, dispositive motions deadline to allow Totran to file a supplemental motion for summary judgment by February 22, 2010. Otherwise the parties should proceed to submit their final pretrial order.

DONE at Laredo, TX, this 8th day of February, 2010.

_____
George P. Kazen
Senior United States District Judge