O

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| TOTRAN TRANSPORTATION SERVICES, | § | |
| LTD, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. L-08-125 |
| | § | |
| FITZLEY, INC, | § | |
| | § | |
| Defendant, | § | |

## MEMORANDUM AND ORDER

Plaintiff Totran Transportation Services, Ltd., sues Defendant Fitzley, Inc., for breach of a contract to ship gas heating equipment from Laredo, Texas, to Tamazunchale, San Luis Potosi, Mexico. (Pl. Original Compl. ¶¶ 7-10; Dkt. 3, Answer ¶ 3.) The Court rendered summary judgment for Totran on liability for the loss of the equipment in a Memorandum and Order of February 8, 2010. (Dkt. 32, Order of Feb. 8, 2010, 10, 12.) Pending is Totran's amended motion for summary judgment regarding damages and attorney's fees. (Dkt. 33, Pl. Am. MSJ.) The facts set forth below are based on the evidence contained in the record as supplemented by Totran's amended motion. Fitzley has not responded to that motion. Nevertheless, the Court is obliged to consider whether Totran has adequately documented its alleged loses before rendering summary judgment.

## I. BACKGROUND

The lost heating equipment consisted of a "Pre-Heater Vessel," serial no. 3912-H3, and a "Pre-Heater Flame Arrested Burner," serial no. 063-824 (collectively "Heater 3912-H3/063-824"). Heater 3912-H3/063-824 was one of three heaters that Kocken Sistemas De Energia, Inc. (Kocken) sold to Mexican purchaser GES Scada, S.A. de C.V. (Dkt. 33-1 at 18, Commercial Invoice No. KSEI-2105.) The price for each heater was $200,000.00. The price for the removable accessories for all three heaters was $124,809.00. Kocken hired Totran, a transportation broker, to arrange for the three heaters and their accessories to be shipped from Calgary, Alberta, to Tamazunchale, Mexico. (Dkt. 33-10 at pp. 1 (¶ 3), 6 (¶¶ 2-3).) The heaters were to be shipped by road, with each heater on a separate truck. (Dkt. 33-1 at 19-20.) A fourth truck carried the removable accessories for all three heaters. Totran engaged Fitzley, a Laredo, Texas, transportation company, to arrange the Laredo—Tamazunchale leg of the heaters' journey. (Dkt. 33-1, Miller Aff. ¶ 2, Feb. 18th, 2010; Pl. Original Compl. ¶¶ 7-10; Answer ¶¶ 2-5.)

On or about September 25, 2006, the truck carrying Heater 3912-H3/063-824 was involved in an accident in Mexico. (Dkt. 33-1 at 15.) Lloyd's Agency cargo surveyors inspected the accident site on September 30, 2006. (Dkt. 33-1 at 15.) The

surveyors found Heater 3912-H3/063-824 lying on its side, about ten meters from the highway.  The heater was damaged beyond repair.  (Dkt. 33-1 at 13.)  Neither party has submitted any evidence nor made any allegations regarding what became of Heater 3912-H3/063-824's accessories, or the extent to which the accessories lost value after Heater 3912-H3/063-824 was destroyed.[1]  The accident occurred while Heater 3912-H3/063-824 was in the custody of Transportes Ragat, SA de CV, a Mexican entity which Fitzley had hired to transport the load to Tamazunchale. (Pl. Original Compl. ¶ 10; Answer. ¶ 5; Dkt. 8, Def. 3rd Party Compl. ¶¶ 5.1-5.2, 5.4; Dkt. 25, Def. Resp. re. Pl. 1st MSJ ¶ 6.)

Kocken sued Totran for the value of Heater 3912-H3/063-824 and its accessories in the Court of Queen's Bench of Alberta, Judicial District of Calgary, Action No. 0701-10752.  (Dkt. 33-1 at 3; Dkt. 33-10 at 9.)  Kocken and Totran reached a settlement under which Totran paid Kocken $88,000.00, and Kocken released its claim against Totran and assigned Totran any remaining claims arising from the destruction of the heater.  (Dkt. 33-1 at 3-4, 8-12.)  Totran then filed this action against Fitzley in

---

[1] One removable accessory, the heater's chimney, could either be shipped with its heater or loaded on the accessories truck. (Dkt. 33-1 at 20.)  The record does not indicate how Heater 3912-H3/063-824's chimney was shipped.  However there is no mention of a separated chimney in the Lloyd's cargo surveyors' report of Heater 3912-H3/063-824's  wreckage.

the United States District Court for the Northern District of
Texas, on September 5, 2008.   (Dkt. 1, Pl. Original Compl.)
Finding no connection to the Northern District of Texas, that
Court transferred the case to the Southern District of Texas on
September 15, 2008.   (Dkt. 1, Order of Venue Transfer 2.)

## II. SUMMARY JUDGMENT STANDARD

The Court should render summary judgment "if the pleadings,
the discovery and disclosure materials on file, and any
affidavits show that there is no genuine issue as to any
material fact and that the movant is entitled to judgment as a
matter of law."   Fed. R. Civ. P. 56(c); Celotex Corp. v.
Catrett, 477 U.S. 317, 322-23 (1986); Little v. Liquid Air
Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).   If summary
judgment cannot be rendered on the whole action, the Court
should determine what facts are not genuinely at issue.
Rule 56(d)(1).

## III. APPLICABLE LAW

A common carrier that breaches a carriage contract "is
liable for damages resulting from the violation as at common
law."   Texas Transportation Code § 5.005(e).   At common law,
common carriers are liable for any damage to goods entrusted to
them for shipment, regardless of whether the carrier was
negligent.   Mo. Pac. R.R. Co. v. Elmore & Stahl, 368 S.W.2d 99,

101 (Tex. 1963); <u>Bennett Truck Transp. v. Williams Bros.</u>, 256 S.W.3d 730, 733 (Tex.App. 2008).   Generally, the measure of damages for loss or destruction of goods is based on the market value of the goods at the destination point, at the time the goods should have been delivered, with interest on the value from the date the delivery should have been made.   <u>Nat'l Moving & Storage, Inc. v. Vargo</u>, 501 S.W.2d 452, 454 (Tex.Civ.App. 1973).   However, a shipper may not recover incidental and consequential damages that were not the usual and reasonably foreseeable result of the carrier's failure to deliver the goods undamaged, unless the carrier was on notice at the time of contracting of the special circumstances that lead to such damages.   <u>Mo., K. & T. Ry. Co. of Texas v. Belcher</u>, 35 S.W. 6, 7 (Tex. 1896) (carrier without notice of special circumstances at time of contracting not liable for injuries occurring outside the ordinary course of business); <u>Nat'l Moving & Storage</u>, 501 S.W.2d at 454.

<u>IV. DISCUSSION</u>

    A. Damages for the Destruction of Heater 3912-H3/063-824

    Totran seeks $241,603.00 in damages for the destruction of Heater 3912-H3/063-824.   To support this figure, Totran offers an affidavit by Robert Miller, Totran's President.   (Miller Aff., Feb. 18, 2010.)   Miller bases the $241,603.00 figure on

calculations in the Lloyd's cargo surveyors' report. (Id. at ¶ 2.)  That report, however, reaches the $241,603.00 figure by simply taking the total sale price ($724,809.00) for the three heaters and their accessories and dividing it by three. (Dkt. 33-1 at 17.)  The invoice for Kocken's sale of the heaters indicates that GES Scada paid $200,000.00 for each heater, with an additional $124,809.00 for all three heaters' removable accessories ($41,603.00 for each heater's accessories). (Dkt. 33-1 at 20, Commercial Invoice No. KSEI-2105.) Accordingly, Miller's $241,603.00 damage figure assumes the accessories were a total loss.  The record does not support that assumption.  There is no indication that Heater 3912-H3/063-824's accessories were involved in the accident or that the truck carrying the three heaters' accessories did not arrive safety in Tamazunchale.   Nor is there any evidence of the extent to which Heater 3912-H3/063-824's accessories lost value when the heater was destroyed.  The summary judgment record cannot support a finding regarding the value of Heater 3912-H3/063-824 in excess of $200,000.00.

B. Attorney's Fees

Rule 54(d)(2), Fed. R. Civ. P., and Local Rule 54.2 control when a party may move this Court for attorney's fees under Texas Civil Practice and Remedies Code § 38.001.  See Pierce v. Barnhart, 440 F.3d 657, 663 (5th Cir. 2006) (Rule 54 and the

district court's local rules govern the timing of a party's motion for attorney's fees if the statute entitling the party to fees does not provide an explicit time limit). Rule 54(d)(2) states that a motion for attorney's fees must be "(i) filed no later than 14 days after the entry of judgment; [and] (ii) specify the judgment . . . entitling the movant to the award . . . . . ." Local Rule 54.2 states that "[w]hen attorney's fees are taxable as costs, an application for them must be made with the application for other costs." A pre-judgment motion for fees is premature under both rules. <u>Cf.</u> <u>Pierce</u>, 440 F.3d at 660 (before judgment, a motion for fees under 28 U.S.C. § 2412(d)'s provision stating that a party "shall" move for fees within 30 days of judgment is premature).

## V. CONCLUSION

The Court GRANTS Totran's motion for summary judgment (Dkt. 33) to the extent that it is established for trial that Heater 3912-H3/063-824 was entirely destroyed in the accident and that its value was no less than $200,000.00. The only issue remaining for trial in this case is the extent of Totran's damages beyond that amount. Totran is ORDERED to file an advisory, by June 18, 2010, stating whether it seeks damages beyond $200,000.00. If it does not, then the Court will enter

judgment in favor of Totran in the amount of $200,000.00, with interest according to law.

With respect to attorney's fees, Totran's motion for summary judgment (Dkt. 33) is DENIED without prejudice to Totran filing a post-judgment motion according to Rule 54 and Local Rule 54.2.  The materials Totran has already submitted regarding its fees may be incorporated by reference in a post-judgment motion.

DONE at Laredo, TX, this 1st day of June, 2010.


George P. Kazen
Senior United States District Judge