```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        LAREDO DIVISION
```

| | | |
|---|---|---|
| TOTRAN TRANSPORTATION SERVICES, LTD, | § § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. L-08-125 |
| | § § | |
| FITZLEY, INC., | § § | |
| Defendant, | § | |

## MEMORANDUM

Plaintiff Totran Transportation Services, Ltd, sues Defendant Fitzley, Inc., for breach of a contract to ship gas heating equipment from Laredo, Texas, to Tamazunchale, San Luis Potosi, Mexico. (Dkt. 1, Pl. Original Compl. ¶¶ 7-10; Dkt. 3, Answer ¶ 3.) The Court rendered summary judgment for Totran on liability for the loss of the equipment in a Memorandum and Order of February 8, 2010. (Dkt. 32, Order of Feb. 8, 2010, 10, 12.) In a Memorandum and Order of June 1, 2010, the Court rendered summary judgment that the value of the destroyed equipment was no less than $200,000.00. (Dkt. 34, Order of June 1, 2010, 7-8.) The penultimate paragraph of the June 1 Order reads:

> The only issue remaining for trial in this case is the extent of Totran's damages beyond that amount. Totran is ORDERED to file an advisory, by June 18, 2010, stating whether it seeks damages beyond $200,000.00. If it does not, then the Court will enter judgment in favor of Totran in the amount of $200,000.00, with interest according to law.

(Id.)  On June 2, 2010, Totran filed an advisory stating that it does not seek damages exceeding $200,000.000.  (Dkt. 35.)

A. Pre-Judgment Interest

State law governs the award of pre-judgment interest in diversity cases.  Meaux Surface Protection, Inc. v. Fogleman, 607 F.3d 161, 172 (5th Cir. 2010).  Texas's pre-judgment interest statute applies only to judgments in condemnation suits and judgments for wrongful death, personal injury, or property damage.  TEX. FIN. CODE §§ 304.102, 304.201; Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc., 962 S.W.2d 507, 530 (Tex. 1998).  In the absence of a statutory right to pre-judgment interest, Texas law allows for an award of equitable pre-judgment interest.  Johnson & Higgins, 962 S.W.2d at 528; Meaux, 607 F.3d at 172.

The equitable pre-judgment interest rate is the same as Texas courts' post-judgment interest rate.  TEX. FIN. CODE § 304.103; Johnson & Higgins, 962 S.W.2d at 532; International Turbine Services, Inc. v. VASP Brazilian Airlines, 278 F.3d 494, 499-500 (5th Cir. 2002).  Texas courts' post-judgment interest rate is set by the Consumer Credit Commissioner in accordance with Texas Financial Code,

§ 304.003(c). That rate is currently 5%.[1] Equitable pre-judgment interest is computed as simple interest. *Johnson & Higgins*, 962 S.W.2d at 532.

A common carrier that breaches a carriage contract "is liable for damages resulting from the violation as at common law." TEX. TRANSP. CODE § 5.005(e). At common law, a carrier was subject to pre-judgment interest on the value of the shipment from the date the delivery should have been made. *Nat'l Moving & Storage, Inc. v. Vargo*, 501 S.W.2d 452, 454 (Tex. Civ. App.—Amarillo 1973, writ ref'd n.r.e.). However, the Texas Supreme Court has ruled that the time at which equitable pre-judgment interest accrues should conform to the accrual formula in the Texas Legislature's 2003 amendments to the pre-judgment interest statute applicable to wrongful death, personal injury, property damage, and condemnation actions. *Johnson & Higgins*, 962 S.W.2d at 532. Under that formula, pre-judgment interest begins to accrue on the earlier of (1) 180 days after the date a defendant receives written notice of a claim or (2) the date the suit is filed. TEX. FIN. CODE § 304.104; *Johnson & Higgins*, 962 S.W.2d at 532.

---

[1] http://www.occc.state.tx.us/pages/int_rates/Index.html (last visited, July 14, 2010).

B. Post-Judgment Interest

Federal law governs post-judgment interest.  Meaux, 607 F.3d at 173.  Title 28, United States Code, Section 1961 provides that post-judgment interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding. [sic] the date of the judgment."  For the week ending on July 9, 2010, the average 1-year constant maturity Treasury yield was 0.31%.[2]  A judgment creditor is entitled to post-judgment interest on the entire amount of the final judgment, including pre-judgment interest.  See Fuchs v. Lifetime Doors, Inc., 939 F.2d 1275, 1280 (5th Cir. 1991).

C. Judgment Interest in this Case

This suit was filed on September 5, 2008.  The earliest time at which the record indicates that Fitzley had notice of Totran's claim was May 23, 2008, when Totran brought a third party claim against Fitzley in related litigation in Alberta, Canada.  (Dkt. 33-10, Notice to Third Party in Action No. 0701-10752.)  Accordingly, the Judgment will include simple pre-

---

[2]   http://www.federalreserve.gov/Releases/H15/Current/(last visited July 14, 2010); http://www.txs.uscourts.gov/interest/ (last visited July 14, 2010).

judgment interest accrued since September 5, 2008, at a rate of 5%.[3]  Post-judgment interest shall accrue at a rate of 0.31%. Post-judgment interest shall be computed daily to the date of payment, and shall compound annually.  28 U.S.C. § 1961(b).

    DONE at Laredo, TX, this 14th day of July, 2010.

_____
George P. Kazen
Senior United States District Judge

---

[3]  One hundred and eighty days from May 23, 2008, was November 19, 2008.