o

```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                       LAREDO DIVISION

TOTRAN TRANSPORTATION SERVICES,  §
LTD,                             §
                                 §
     Plaintiff,                  §
VS.                              §    Civil Action No. L-08-125
                                 §
FITZLEY, INC,                    §
                                 §
     Defendant.                  §
```

## MEMORANDUM AND ORDER

Plaintiff Totran Transportation Services, Ltd., brought this state-law action against Defendant Fitzley, Inc., for breach of a contract to ship a large gas heater from Laredo, Texas, to Tamazunchale, San Luis Potosi, Mexico. (Dkt. 1.) On July 14, 2010, the Court rendered judgment for Totran in the amount of $218,547.94 in damages and prejudgment interest. (Dkt. 37.) Totran now moves the Court for an award of attorney fees under Texas Civil Practice and Remedies Code § 38.001. (Dkt. 38.) Totran seeks fees incurred in this litigation as well as fees incurred in Action No. 0701-10752, before the Court of Queen's Bench of Alberta, Canada, Judicial District of Calgary. (Id.)

I.   APPLICABLE LAW

A. Fees

State law controls whether attorney fees are recoverable and the reasonableness of the claimed fees in a diversity case. Mathis v. Exxon Corp., 302 F.3d 448, 462 (5th Cir. 2002). Under Texas law, a party who recovers for damaged freight "may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs . . . ." Tex. Civ. Prac. & Rem. § 38.001(5).

The trial court has discretion to determine the amount of the fee awarded under § 38.001. Mathis, 302 F.3d at 462 (citing World Help v. Leisure Lifestyles, Inc., 977 S.W.2d 662, 683 (Tex.App—Fort Worth, 1998, pet. denied)). Courts assess the reasonableness of claimed fees using the factors listed in Rule 1.04 of the Texas Disciplinary Rules of Professional Conduct[1]:

> (1) the time and labor required, novelty and difficulty of the question presented, and the skill required to properly perform the legal service;
>
> (2) the likelihood . . . that the acceptance of employment precluded other employment by the lawyer;

---

[1] See Arthur Anderson & Co. v. Perry Equipment Corp., 945 S.W.2d 812, 818 (Tex. 1997) (using Rule 1.04 factors for reasonableness of fees awarded under Texas statute allowing recovery of "reasonable and necessary attorneys' fees."); Mercier v. Sw. Bell Yellow Pages, Inc., 214 S.W.3d 770, 776 (Tex.App.—Corpus Christi, 2007, no pet.) (using Rule 1.04 factors to evaluate reasonableness of attorney fees under Tex. Civ. Prac. & Rem. § 38.001).

    (3) the fee customarily charged in the locality for similar services;

    (4) the amount involved and the results obtained;

    (5) the time limitations imposed by the client or by the circumstances;

    (6) the nature and length of the professional relationship with the client;

    (7) the experience, reputation, and ability of the lawyer performing the services; and

    (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.[2]

Texas Disciplinary Rules of Professional Conduct, Rule 1.04, reprinted in Tex. Gov't Code, tit. 2, subtit. G app. (State Bar Rules, art. X, § 9).  There is a rebuttable presumption that "usual and customary" billing rates are reasonable.  Tex. Civ. Prac. & Rem. § 38.003.

    A fee award may be based on the testimony of a party's own counsel regarding the time expended, fees per hour, and the reasonableness and necessity of counsel's efforts.  Goudeau v. Marquez, 830 S.W.2d 681, 683-84 (Tex.App.—Houston [1st Dist.], 1992, no writ); Harrison v. Gemdrill Int'l, Inc., 981 S.W.2d 714, 719 (Tex.App.—Houston [1 Dist.], 1998, pet. denied).

---

[2] These factors are substantially the same as the factors, established in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), for evaluating the reasonableness of fees under federal law.  The Johnson factors differ only in that they include the "undesirability" of the case and "awards in similar cases."  Id. at 717-19.

However, to award attorney fees on the sole basis of evidence from an interested witness, "the evidence . . . must not be contradicted by any other witness or attendant circumstances and the same must be clear, direct and positive, and free from contradiction, inaccuracies and circumstances tending to cause suspicion thereon." Ragsdale v. Progressive Voters League, 801 S.W.2d 880, 882 (Tex. 1990). Fees for work by paralegals or legal assistants may be included in the fee award if they performed work that has traditionally been done by any attorney. Moody v. EMC Services, Inc., 828 S.W.2d 237, 248 (Tex.App.—Houston [14 Dist.], 1992, writ denied) (citing Gill Savings Ass'n. v. Int'l Supply Co., 759 S.W.2d 697, 702 (Tex.App.—Dallas, 1988, writ denied).

B. Costs

Only taxable costs can be awarded under § 38.001. Flint & Assocs. v. Intercont'l Pipe & Steel, 739 S.W.2d 622, 626-27 (Tex. App.—Dallas 1987, writ denied) (holding that § 38.001 does not allow award of non-taxable costs except insofar as they contribute to the overhead included in the attorney's hourly fee); Sparks v. Baxter, 854 F.2d 110 (5th Cir. 1988) (same) (citing Flint, 739 S.W.2d, 626-27). Under Federal procedure, taxable costs are limited to the categories set forth in 28 U.S.C. § 1920:

> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under section [28 U.S.C. § 1923];
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [28 U.S.C. § 1828] of this title.

28 U.S.C. § 1920; see also Crawford Fitting Company v. J.T. Gibbons, Inc., 482 U.S. 437, 442–43 (1987).

## II. BACKGROUND

Totran, a transportation broker, was hired by Kocken Sistemas De Engergia, Inc., to arrange the heater's shipment from Canada to Mexico. (Dkt. 34 at 2; Dkt. 33-10 at 1:¶ 3, 6:¶¶ 2-3.) Totran engaged Fitzley to arrange the final leg of the heater's journey, from Laredo, Texas, to Tamazunchale, Mexico. (Dkt. 32 at 2; Dkt. 1 at ¶¶ 8; Dkt. 3 at ¶ 4.) After the heater was destroyed in Mexico, Kocken sued Totran in Alberta. (Dkt. 34 at 3; Dkt. 33-1 at 3; Dkt. 33-10 at 9.) Totran brought a third-party claim against Fitzley in that suit, but there is no indication that Totran attained any relief against Fitzley from the Canadian Court. (Dkt. 33-10 at 2, 16.) Kocken and Totran settled their dispute, and Kocken assigned

Totran any remaining claim for the heater's loss. (Dkt. 33-10 at 3-4, 44-53.) Totran then hired counsel in Texas and brought this action against Fitzley on September 15, 2008. (Dkt. 1.) Totran's Canadian counsel, Attorney Sara Hart, explains that "[t]he claim against Fitzley has been proceeding in Texas and not in Canada," and that "[o]nce the claim against Fitzley, Inc. is dealt with in Texas, the Canadian Action will thereafter be discontinued." (Dkt. 33-10 at 2.)

On May 1, 2009, Totran moved for summary judgment and an award of attorney fees under § 38.001. (Dkt. 22.) Totran asserted that Fitzley had conceded the amount of Totran's damages. (Id. at 5.) In its response, Fitzley insisted that Totran's damages and the reasonableness of the attorney's fees claimed by Totran were contested. (Dkt. 25 at ¶¶ 5-6.) On February 8, 2010, the Court rendered summary judgment that Fitzley is liable for the damage to the heater, but found that Fitzley had never conceded the amount of Totran's damages. (Dkt. 32.) Totran then filed a second motion for summary judgment and attorney fees, supported by documentation of its damages and fees. (Dkt. 33.) Fitzley did not respond to that motion, and on June 1, 2010, the Court found that the summary judgment record established that the heater had been completely destroyed and that its value was no less than $200,000.00. (Dkt. 34 at 7.) The Court reserved the issue of Totran's

damages beyond that amount for trial. (Id.) The Court denied Totran's motion for attorney fees without prejudice to Totran refiling the motion after it had attained a judgment, in accordance with Rule 54, Fed. R. Civ. P., and Local Rule 54.2 (Id. at 8.) Totran then stipulated that it does not seek damages beyond $200,000.00, and on July 14, 2010, the Court issued a Judgment for Totran for that amount, plus $18,547.94 in prejudgment interest. (Dkt. 35; Dkt. Nos. 36-37.) Totran filed a renewed motion for attorney fees on July 30, 2010. (Dkt. 39.) Fitzley has not responded.

In support of its motion for attorney fees, Totran has submitted an affidavit from its Texas counsel, Attorney James Burt (Dkt. 33-9), and an affidavit from Canadian counsel Sara Hart (Dkt. 33-10). Both affidavits include itemized billing records. (Dkt. 33-9 at 3-46; Dkt. 33-10 at 17-38.)

The billing records attached to Attorney Burt's affidavit show that his firm billed Totran for $45,135.73 in fees and expenses. This figure includes $21,921.00 in fees for work by attorneys, $11,041.00 for work by paralegals, and $1132.23 in various costs. (Dkt. 33-9 at 3-46.) In his affidavit, Burt avers that his firm incurred only $35,615.50 in "reasonable and necessary" fees and expenses. (Dkt. 33-9 at ¶¶ 2-3.) Burt does not explain which items in the attached records are excluded from his assessment underlying the $35,615.50 figure stated in

his affidavit. Burt also avers that he estimates that his firm will incur "fees and expenses of no less than $7,000.00" should the Court's Judgment be appealed. (Dkt. 33-9 at ¶ 7.)

The billing records attached to Attorney Hart's affidavit show that the Canadian firm billed Totran for C$28,806.47 in fees and expenses. This figure includes C$27,697.00 in fees for work by attorneys and C$1109.04 in various costs. (Dkt. 33-9 at 3-46.)[3] In her affidavit, Attorney Hart avers that the Canadian firm incurred C$27,496.50 in attorney fees and $C1,069.23 in costs. (Dkt. 33-10 at ¶¶ 6-7.) Hart does not explain why the figures in her affidavit differ from those in its supporting billing records.

The majority of the Canadian firm's fees and costs were incurred defending the Alberta action and bringing the third-party claim against Fitzley in that litigation. Some, however, were incurred in connection with this case. (Id. at ¶ 5.) Hart avers that Fitzley should reimburse all of the fees [Totran] has expended in the Canadian Action . . . as without Fitzley, Inc. having damaged the gas heater in question, the Canadian Action would not have been commenced against Totran." (Dkt. 33-10.) Hart estimates that her firm would incur an additional $5,000 in the event of an appeal. (Dkt. 33-10 at ¶ 9.)

---

[3] These figures include Canada's 5% General Services Tax, which the Canadian firm's records show was passed on to Totran.

### III. DISCUSSION

Under the Court's Local Rules, failure to respond to a motion is "taken as a representation of no opposition." Local Rule 7.4. Accordingly, Fitzley has waived any possible objection to the Texas and Canadian firms' billing rates, or the number of hours that they spent litigating this action. Cf. U.S. for Use and Benefit of Lochridge-Priest, Inc. v. Con-Real Support Group, Inc., 950 F.2d 284, 290 (5th Cir. 1992) (failing to object to a motion for attorney fees within the time allowed by the District Court's local rule precludes challenging the sufficiency of the evidence supporting the fee award on appeal) (citing Pope v. MCI Telecommunications Corp., 937 F.2d 258, 267 (5th Cir. 1991)). However, Fitzley's failure to respond would not justify awarding fees that are categorically excluded from those recoverable under § 38.001, which only authorizes recovery of expenses incurred in the prosecution of a successful claim. See Green Int'l, Inc. v. Solis, 951 S.W.2d 384, 390 (Tex. 1997) ("To recover attorney's fees under Section 38.001, a party must (1) prevail on a cause of action for which attorney's fees are recoverable, and (2) recover damages.").

####    A. The Texas Firm

Five-Hundred dollars of the Texas firm's costs are listed as "court fees" and "filing fee." (Dkt. 33-98 at 4.) However, the Texas firm's remaining $632.23 in costs were not for items

taxable under 28 U.S.C. § 1920.  (Id. at 4, 13, 28, 35, 42.) Totran's evidence does not establish that its paralegals' qualifications and the nature of the tasks they performed for this litigation were such as would entitle Totran to recover fees for their work.  As noted above, however, Fitzley has waived objections to the sufficiency of Totran's evidence.  The Court will award Totran $500.00 in taxable costs incurred by the Texas firm, $21,921.50 for the firm's attorneys' fees, and $11,041.00 in fees for work by its paralegals.

    B. The Canadian Firm

    The bulk of the fees charged by the Canadian firm were incurred defending against a third party's claim triggered by Fitzley's wrong.  Those fees could have been sought as consequential damages.  See RAS Group, Inc. v. Rent-A-Center East, Inc., ___ S.W.3d ___, 2010 WL 4400511 (Tex. App.—Dallas Nov. 8, 2010, no pet. h.) ("when the defendant's tort requires a party to protect its own interests by bringing or defending an action against a third party, the plaintiff may recover from the defendant the attorney's fees incurred in the action against the third party."); see also Texoma Ag-Products, Inc. v. Hartford Acc. and Indem. Co., 755 F.2d 445, 450 (5th Cir. 1985).  They are not, however, recoverable under § 38.001.

Some of the Canadian firm's fees were incurred attempting to recover from Fitzley in the Alberta action. The Court has been unable to locate authority squarely addressing whether § 38.001 entitles a party who has successfully prosecuted a claim in Texas to recover fees it incurred in a separate, unconsummated attempt to recover on the same claim in a different jurisdiction. If the state's highest court has not issued a controlling decision, a district court sitting in diversity jurisdiction "'must make an Erie guess and determine, in [its] best judgment, how that court would resolve the issue if presented with the same case.'" Six Flags, Inc. v. Westchester Surplus Lines Ins. Co., 565 F.3d 948, 954 (5th Cir. 2009) (quoting In re Katrina Canal Breaches Litig., 495 F.3d 191, 206 (5th Cir. 2007)). The Court is confident that were the Texas Supreme Court faced with the question it would conclude that Totran's § 38.001 fee award is limited to the fees incurred in the action through which Totran successfully obtained relief. Cf. Stewart Title Guar. Co. v. Sterling, 822 S.W. 2d 1, 10-11 (Tex. 1991) (when plaintiff attains a judgment against a defendant in a case after other defendants have settled, plaintiff must segregate the fees incurred pursuing recovery from the settling defendants from those chargeable to the remaining defendant); Mobil Producing Texas & New Mexico, Inc. v. Cantor, 93 S.W.2d 916 (Tex.App.—Corpus Christi, 2002, no

pet.) (plaintiff could not recover attorney fees after failing to recover on its breach of contract claim but prevailing on another claim for which § 38.001 does not authorize a fee award).

The Texas Supreme Court has explained that "[a] party seeking attorney's fees . . . is ordinarily required to segregate fees incurred on claims allowing recovery of fees from those that do not." <u>Stewart Title Guar. Co. v. Aiello</u>, 941 S.W.2d 68, 73 (Tex. 1997). Neither Totran's fee motion nor Hart's affidavit segregates the Canadian firm's fees incurred in connection with the Alberta litigation from those incurred in connection with this action. However, having reviewed the billing records supporting Hart's affidavit, the Court finds that the fees listed in some of the entries for work done between June 30, 2008, and February 2, 2010, were incurred prosecuting this litigation. The fees listed in the following entries are included in Totran's fee award (page numbers are for Dkt. 33-10):

  * On page 33, the entries dated August 7 and August 8, 2008;

  * On page 32, the entries dated August 5, 2008, and June 30, 2008;

  * All of the entries on page 38, except the entries dated September 10, 2008, October 14, 2008, October 16, 2008, and October 21, 2008;

> * All of the entries listed on page 25, except the entries dated March 27, 2009, March 28, 2009, and April 13, 2009;
>
> * All of the entries listed on page 24, except the entry dated January 17, 2009;
>
> * All of the entries listed on page 19, except for the entries dated December 4, 2009, December 29, 2009, February 9, 2010;
>
> * All of the entries on page 18, except for the entry dated September 2, 2009.

The above entries reflect fees totaling C$6,276.90[4] ($6,544.70). None of the costs listed on the Canadian firm's billing records are for items taxable under 28 U.S.C. § 1920.

### C. Fees for Anticipated Appellate Work

Under Federal procedure "[t]he issue of appellate attorney's fees is a matter for the district court following the resolution of an appeal." <u>Instone Travel Tech Marine & Offshore v. International Shipping Partners, Inc.</u>, 334 F.3d 423, 433 (5th Cir. 2003). No appeal has occurred in this case, and the 30-day period within which Fitzley could appeal the Court's Judgment of July 14, 2010, has passed. <u>See</u> Rule 4(a)(1)(A), Fed. R. App. P. The Court will not award Totran the $12,000 in fees that Hart and Burt request for anticipated appellate work.

---

[4] This figure includes Canada's 5% General Services Tax, which the Canadian firm's records show was passed on to Totran.

## IV. CONCLUSION

The $6,544.70 of awardable fees for work by the Canadian firm and the $34,094.23 in awardable fees and taxable costs incurred by Totran's Texas counsel yield a total award of $40,638.93. Accordingly, Defendant, Fitzley, Inc., is ORDERED to pay Plaintiff Totran Transportation Services, Ltd., $40,638.93 for fees and costs incurred litigating this action. The Court will enter a separate judgment for Totran in that amount should Totran request that the Court do so. Fed. R. Civ. P. 58(a)(3), 58(d).

DONE at Laredo, Texas, this 8th day of April, 2011.

_____
George P. Kazen
Senior United States District Judge